UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO. 25-CR-20438-DPG

UNITED STATES OF AMERICA,

v.

ALFREDO MIRANDA,

Defendant.

_____/

### DEFENDANT ALFREDO MIRANDA'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant, **ALFREDO MIRANDA**, by and through undersigned counsel, files these Objections to the Presentence Investigation Report ("PSR") pursuant to Fed. R. Crim. P. 32 and respectfully states:

### OBJECTIONS AND SENTENCING POSITION

1. Mr. Miranda objects to the PSR to the extent Paragraphs 60 and 61 may be read to suggest that he was adjudicated to having violated probation in Miami-Dade County Circuit Court Case Nos. F25-010014AA and F25-018611. Although affidavits alleging violations of probation were filed based upon failure to complete community-service hours, no violation was adjudicated. The state-court dockets reflect that the alleged violations were voluntarily withdrawn and do not reflect an evidentiary violation-of-probation hearing or a judicial finding that Mr. Miranda violated probation.

2. The distinction is material. An allegation contained in a violation affidavit is not an adjudication of misconduct. Fed. R. Crim. P. 32 and U.S.S.G. § 6A1.3 require disputed sentencing information to possess sufficient indicia of reliability to support its probable accuracy. The Court therefore should not treat the withdrawn VOP allegations as established violations or as evidence that Mr. Miranda willfully refused to comply with state supervision.

3. The circumstances surrounding the community-service requirement further demonstrate why the withdrawn allegations should not be given aggravating weight. Mr. Miranda was unable to locate a community-service program that would accept him. His retained attorney, Adrian P. Nunez, did not return the matter to the state court for a report

or other relief addressing that practical problem. Nunez thereafter withdrew, and the Public Defender was appointed. The failure to complete the hours was never judicially determined to constitute willful defiance.

4. Mr. Miranda also maintains that serious questions exist concerning the September 22, 2025 state pleas. Mr. Miranda is solely fluent in Spanish. He reports that no meaningful translation was provided when the pleas were entered and that he did not adequately understand the obligations imposed. The defense recognizes that Custis v. United States, 511 U.S. 485 (1994), sharply limits collateral attacks upon prior state dispositions during federal sentencing. Accordingly, the defense does not ask this Court, on the present record, to sit as a state post-conviction court. These circumstances nevertheless remain relevant to the weight assigned to the dispositions in evaluating Mr. Miranda's history and characteristics under 18 U.S.C. § 3553(a).

5. The PSR assigns one criminal-history point to each of the two September 22, 2025 state dispositions and, on that basis alone, places Mr. Miranda in Criminal History Category II. Because the cases involved intervening arrests, the defense does not rely upon an unsupported contention that the two cases must be combined as a single prior sentence under U.S.S.G. § 4A1.2(a)(2).

6. Instead, Mr. Miranda requests a downward departure from Criminal History Category II to Criminal History Category I pursuant to U.S.S.G. § 4A1.3(b)(1), which authorizes a downward departure when reliable information indicates that the calculated criminal-history category substantially over-represents either the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

7. The Eleventh Circuit recognizes that a departure based upon overrepresentation of criminal history must proceed under § 4A1.3 and along the horizontal criminal-history axis of the Sentencing Table. United States v. Smith, 289 F.3d 696 (11th Cir. 2002); United States v. Gibson, 434 F.3d 1234 (11th Cir. 2006). Mr. Miranda seeks precisely that relief: a one-category horizontal departure from Category II to Category I. Smith illustrates the contrast. There, the defendant had nineteen criminal-history points and a record including multiple felony drug convictions and robbery with a deadly weapon. Mr. Miranda has only two scored criminal-history points.

8. The pattern and timing of Mr. Miranda's scored record support the departure. The entirety of the criminal-history points placing him in Category II arises from two Florida dispositions imposed on the same day, September 22, 2025, with adjudication withheld and concurrent one-year terms of probation. His earlier matters identified in the PSR receive no criminal-history points. Category II therefore risks conveying a degree of sustained, repeatedly punished criminality that the actual scoring history does not fairly represent.

9. Southern District of Florida authority recognizes that § 4A1.3 focuses upon whether the pattern and timing of prior convictions make the calculated category a reliable measure of criminal history and recidivism. See United States v. Himick, 338 F. Supp. 2d 1310 (S.D. Fla. 2004). The defense is not asking the Court to relitigate the facts of the prior animal-fighting offenses. It asks the Court to consider the unusual concentration of the only scored dispositions, their simultaneous resolution, the withholds of adjudication, the concurrent probationary sentences, and the absence of any adjudicated VOP in deciding whether Category II materially overstates Mr. Miranda's record and risk of reoffending.

10. Alternatively, and independently of § 4A1.3, the Court should vary downward under 18 U.S.C. § 3553(a). After correctly calculating the advisory Guidelines, the Court must impose a sentence sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing. The Court may consider the actual significance of Mr. Miranda's prior record, the circumstances surrounding the state proceedings, his age, family responsibilities, personal history, and demonstrated characteristics.

11. Mr. Miranda is 63 years old. The PSR reports that his 99-year-old mother lives with him, suffers from dementia, uses a walker, and depends upon Mr. Miranda as her full-time caretaker. She will turn 100 years old on September 2, 2026. These circumstances are not offered as an excuse for the federal offense. They are part of the individual history and characteristics Congress directs the Court to consider under § 3553(a)(1), and they bear upon the real-world consequences of incarceration and the sentence necessary to accomplish the statutory purposes.

12. This caregiving circumstance is exceptional rather than generalized family hardship. The PSR identifies an extraordinarily elderly and cognitively impaired parent residing with Mr. Miranda and identifies Mr. Miranda as her full-time caretaker. The Court may consider that circumstance together with his age, acceptance of responsibility, safety-valve eligibility, the absence of an aggravating-role adjustment, and the other information in the PSR when conducting the individualized sentencing analysis required by § 3553(a).

13. The PSR further reflects that Mr. Miranda has no reported substance-abuse problem or mental-health history and tested negative for controlled substances. The Government has advised that he completed the safety-valve debrief/truthful-statement requirement, and the plea agreement provides that no aggravating-role enhancement applies. These considerations reinforce that the advisory range should not be treated as mechanically dispositive of the sentence ultimately imposed.

14. Accordingly, Mr. Miranda respectfully requests that the Court: (a) direct that the PSR accurately distinguish the withdrawn, unadjudicated VOP allegations from any finding of

violation; (b) depart horizontally from Criminal History Category II to Criminal History Category I pursuant to U.S.S.G. § 4A1.3(b)(1); or, alternatively, (c) vary downward under 18 U.S.C. § 3553(a), giving appropriate weight to the actual nature of Mr. Miranda's criminal history, the circumstances surrounding the state dispositions, his age, and his extraordinary caregiving responsibility for his 99-year-old mother.

**WHEREFORE**, Defendant ALFREDO MIRANDA respectfully requests that this Court: (1) sustain the factual objection concerning the withdrawn and unadjudicated VOP allegations; (2) depart horizontally from Criminal History Category II to Criminal History Category I pursuant to U.S.S.G. § 4A1.3(b)(1), and/or grant a downward variance under 18 U.S.C. § 3553(a); and (3) sentence Mr. Miranda using the resulting advisory range that accurately reflects the relief granted. The Probation Office calculates a Total Offense Level of 27 and Criminal History Category II, producing an advisory range of 78 to 97 months. If the Court grants the requested departure to Criminal History Category I, the same Total Offense Level of 27 produces an advisory range of 70 to 87 months. The defense therefore respectfully submits that, upon granting the requested criminal-history departure, the properly adjusted advisory Guidelines range is 70 to 87 months, while preserving the Court's independent authority to vary below that range under § 3553(a).

## CONCLUSION

For the foregoing reasons, Defendant Alfredo Miranda respectfully requests that the Court sustain the factual objection concerning the unadjudicated VOP allegations, find that Criminal History Category II substantially over-represents his criminal history and likelihood of recidivism and depart to Category I under U.S.S.G. § 4A1.3(b)(1), or alternatively grant an appropriate downward variance under 18 U.S.C. § 3553(a).

Respectfully submitted,


/s/ G. P. DELLA FERA

G. P. DELLA FERA
ATTORNEY AT LAW
10800 Biscayne Boulevard, Suite 520
Miami, Florida 33161
(305) 892-4400
Florida Bar Number: 228060
gpdellafera@aol.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this8th day of August, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notice of electronic filing to all counsel of record.

/s/ G. P. DELLA FERA